FILED
2008 Jun-06  PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **CONNIE J. ARNDT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:07-cv-00804-CLS** |
| | ) | |
| **MICHAEL  J.  ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Connie J. Arndt commenced this action on May 2, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability, disability insurance, and supplemental security income benefits.  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly: (1) discredited claimant's testimony as to pain; (2) failed to provide reasons for rejecting the medical source opinion of Dr. Lynn Embry; and (3) failed to sustain his burden of establishing, through the testimony of the vocational expert, that there is other work in the national economy that claimant can perform.[1]

In the present case, claimant alleges that she became disabled on July 1, 2003,[2] due to osteoporosis, sciatic nerve problems, vertigo, irritable bowel syndrome, migraine headaches, bronchitis, asthma, vision problems, and chronic high blood pressure.[3] The ALJ found that claimant suffered from the "severe" impairments of scoliosis, early arthritic and osteophytic spurs, peripheral neuropathy, and obesity.[4] Even so, the ALJ concluded that the combination of these conditions did not meet or medically equal a listed impairment. In addition, the ALJ discredited claimant's subjective testimony as to pain and concluded that she retained sufficient residual

---

[1]*See* doc. no. 9 (claimant's brief) at 1.

[2]Tr. at 16.  Claimant originally alleged that she became disabled on January 1, 2003; however, the alleged onset date was later amended by claimant to July 1, 2003.  *See* tr. at 482-83.

[3]*Id*. at 38-41, 78, 89, 106-128.

[4]*Id*. at 21.

functional capacity to perform work at the "sedentary" level.[5]   Relying on a vocational expert's testimony, the ALJ determined that claimant could not perform her past relevant work, but that she could perform other work existing in significant numbers in the national economy and, therefore, that claimant was not disabled.[6]

To demonstrate that pain renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ adequately stated reasons for not crediting claimant's testimony on pain, noting that he found there was insufficient objective evidence to support her various complaints and that clinical evidence contradicted claimant's testimony.[7]  It

---

[5]*Id*. at 22.

[6]*Id*. at 28-29.

[7]*Id*. at 18-20.

is outside this court's authority to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996). Accordingly, the court finds that the ALJ did not commit error in rejecting claimant's testimony as to pain.

Claimant also argues that the ALJ erred in discrediting the "medical source" opinion of Dr. Embry, who determined that claimant "was not able to work as a dependable employee due to physical health problems stemming from obesity and the need to take so much medication to cope with daily activities."[8] Claimant, however, has not demonstrated that Dr. Embry's opinion constitutes testimony from a "medical source." Dr. Embry holds the degree of *doctor of education* (Ed.D.), and she is a licensed professional counselor and a nationally certified counselor.[9] Claimant contends not only that Dr. Embry's opinion is "medical source" evidence, but that it is tantamount to the opinion of a treating physician, which "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). In contrast to claimant's argument (for which she cites no supporting legal authority), this court is persuaded that a "licensed professional counselor," such as Dr. Embry, is not "an acceptable medical source whose opinions are entitled to significant

---

[8] *Id.*

[9] Tr. at 17.

4

weight." *Johnson v. Apfel*, 2000 WL 208741, *2 (S.D. Ala. February 17, 2000) (internal marks omitted). "[T]he universe of acceptable medical sources is defined in 20 C.F.R. § 416.913(a), which explicitly limits its range to physicians, psychologists, licensed osteopaths, licensed optometrists, records custodians and interdisciplinary teams." *Id.* Therefore, this court does not construe Dr. Embry's opinion as being either from a "medical source" or subject to the "significant or considerable weight" afforded to the opinion of a treating physician.

That said, in light of the well-settled maxims that "[a]n administrative law judge may not arbitrarily reject uncontroverted medical testimony," *Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982) (citing *Goodley v. Harris*, 608 F.2d 234 (5th Cir. 1979)), and that a treating physician's opinion must be given "substantial or considerable weight unless 'good cause' is shown to the contrary," *Phillips*, 375 F.3d at 1240-41, the ALJ improperly rejected all legitimate medical source opinions of record, including those of claimant's treating physicians. In essence, an ALJ is absolutely prohibited from substituting his own opinion for that of a physician. *See Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) (an ALJ may not substitute his opinion for that of a doctor); *Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir.1986) (same); *see also Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir.1992) (Johnson, J., concurring) (finding that an "ALJ sitting as a

hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of a claimant's treating physicians"). Stated differently, "[a]n ALJ may, of course, engage in whatever idle speculations regarding the legitimacy of the claims that come before him in his private or personal capacity; however, as a hearing officer he may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional." *Marbury*, 957 F.2d at 840-41.

In his written decision, the ALJ noted that claimant's treating physician, Dr. William M. Reid, began treating claimant as early as October 20, 2003.[10] At that time, Dr. Reid diagnosed claimant with hypertension, lumbosacral pain syndrome, vertigo, irritable bowel syndrome, and fibrocystic breasts.[11] Dr. Reid examined claimant again in February 2004.[12] The ALJ acknowledged that Dr. Reid concluded, in May 2004, that "claimant was not capable of substantial gainful employment due to combined effects of her current medical conditions;" Dr. Reid further opined that claimant's condition "was not expected to significantly improve."[13] The ALJ also noted that claimant ambulates with a cane, and that Dr. Reid diagnosed claimant with osteoarthritis of the right knee in October 2004.[14]

---

[10]Tr. at 17.

[11]*Id.*

[12]*Id.*

[13]*Id.*

[14]*Id.*

In addition, claimant was treated on several occasions by Dr. Michael Linville, a podiatrist, for foot pain.  The ALJ stated that

> Dr. Linville diagnosed claimant with neuritis of the calcaneal branch of the posterior tibial nerve/planter fascilitis left foot, and onychocryptosis right 1st toenail.  She underwent several somatic nerve blocks in her right foot, but continued to report pain.  In February 2005, Dr. Linville dispensed a side kick walker that the claimant reported helped greatly.[15]

From June 3 to October 5, 2004, claimant was treated by Dr. Joshua Vacik for severe back pain, and was prescribed medication to manage the pain.[16]  The ALJ acknowledged that claimant was treated by Dr. Vacik, but does not discuss the weight given to Dr. Vacik's opinions.

On March 6, 2004, Dr. D. B. Laughlin performed a consultative physical examination of claimant, and the ALJ noted that Dr. Laughlin diagnosed claimant with lumbar radicolopathy, possible fibromyalgia, hypertension, diabetes mellitus type 2, irritable bowel syndrome, obesity, and recurrent migraines.[17]

The opinions of Dr. Reid, Dr. Linville, Dr. Vacik, and Dr. Laughlin constitute the only medical source opinions of record.  In reaching the determination that claimant was not disabled, the ALJ afforded "some weight" to Dr. Reid's opinions, in contrast to the "substantial or considerable" weight required when an ALJ

---

[15]*Id.*
[16]Tr. at 304-331.
[17]*Id.* at 17, 195-196.

considers a treating physician's opinions. The ALJ discounted Dr. Reid's assessments, finding "objective clinical evidence in the record to be more persuasive."[18] *Phillips*, 375 F.3d at 1240-41. Further, the ALJ provided no discussion whatsoever as to whether he considered the evidence provided by claimant's other treating physicians, Dr. Linville and Dr. Vacik. The court finds that, in the absence of any medical testimony of record to support the ALJ's outright rejection of Dr. Reid's opinions, and because the ALJ did not apply the correct legal standard by affording claimant's treating physicians' conclusions less than "substantial or considerable weight," the ALJ did not demonstrate "good cause" for rejecting those opinions. *Id.* In addition, given that all medical source opinions of record are seemingly uncontroverted, the ALJ erroneously rejected this evidence in favor of his own perceptions of claimant. *See Walden*, 672 F.2d at 839 (holding that an ALJ cannot arbitrarily reject uncontroverted medical evidence).

The ALJ also committed error in that he did not raise, in his hypothetical question to the vocational expert, any or all of claimant's "severe" impairments of scoliosis, early arthritic and osteophytic spurs, peripheral neuropathy, and obesity.[19] The ALJ presented the following hypothetical scenario to the vocational expert:

> Okay, let's assume we have a hypothetical individual that

---

[18] *Id.* at 19.

[19] Tr. at 21.

is currently 46 years of age and the claimant has the ability to lift light exertion, but her overall residual functional capacity is more sedentary than it is for light work. The claimant could sit at one time for 45 minutes to an hour, stand for an hour, walk 50-100 feet at a time. Are there other jobs such an individual could perform that exist in significant numbers in the national economy?[20]

"In order for a [vocational expert's] testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises *all* of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (emphasis supplied). Because the ALJ failed to pose a hypothetical question that encompasses any of claimant's "severe" impairments, whether separately or in aggregate, the ALJ's hypothetical question was insufficient to rise to the level of providing a basis for the gathering of substantial evidence from the vocational expert. *See Jones*, 190 F.3d at 1229. *See also Reeves v. Heckler*, 734 F.2d 519, 525 (11th Cir. 1984) (holding that when the ALJ considered a claimant's "impairments separately, but not together; this failure to follow the regulations requires that the case be remanded for further consideration under the appropriate standard").

For the reasons stated herein, the decision of the Commissioner is REVERSED, and this action is REMANDED for further administrative proceedings consistent with this memorandum opinion and order. Costs are taxed as paid. The clerk is directed to close this file.

---

[20]*Id.* at 504.

DONE this 6th day of June, 2008.

United States District Judge